

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ben F. Thorpe
County Attorney
Scurry County
Snyder, Texas

Dear Sir:

Opinion No. O-5046
Re: Can a judge, at his discretion,
permit two separate sentences
in a misdemeanor case to run
concurrent?

Your letter of recent date requesting our opinion
has been carefully considered. We quote the following from
your letter:

"Where a defendant charged with a misdemeanor
and either pleads 'guilty' or is found 'guilty' in
two separate and distinct cases, and said defendant
is committed to satisfy judgment in both cases, can
the judge, at his discretion permit said sentences
in a misdemeanor to run concurrent.

"Under Article 785 CCP, it provides how fines
and costs shall be discharged, but I do not find
any law where sentences, or fines, in misdemeanor
cases can be made to run concurrent where same is
satisfied by confinement in the County Jail. Your
opinion on this point will be appreciated."

Reference is made to Article 774 of the Code of
Criminal Procedure of Texas, reading as follows:

"When the same defendant has been convicted
in two or more cases, and the punishment assessed
in each case is confinement in the penitentiary
or the jail for a term of imprisonment, judgment
and sentence shall be pronounced in each case in
the same manner as if there had been but one con-
viction, except that in the discretion of the

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

court, the judgment in the second and subsequent convictions may either be that the punishment shall begin when the judgment and sentence in the preceding conviction has ceased to operate, or that the punishment shall run concurrently with the other case or cases, and sentence and execution shall be accordingly. (Acts 1883, p. 8; Acts 1919, p. 25.)"

The above article has been held to apply to misdemeanors as well as to felonies. Ex parte Davis, 71 Tex. Cr. R. 538, 160 S. W. 459; Ex parte Banks, 41 Tex. Cr. R. 201, 53 S. W. 688; 12 Tex. Jur. 821, Sec. 419, "Criminal Law".

However, in the Banks case, supra, it is pointed out that the statute refers only to cases in which imprisonment is a part of the punishment; it has no reference to fines. Fines are independent of each other, and the payment of one is not the satisfaction of the other. For the latest expression of the Court of Criminal Appeals, see Ex parte Williams, 133 Tex. Cr. R. 116, 109 S. W. (2) 171.

As you have stated your question, it is answered that where a defendant is convicted of two or more misdemeanors wherein the punishment is by fine only they cannot be satisfied concurrently. If the punishments as fixed in the sentences are by imprisonment in jail, the court's order, judgment and sentence must affirmatively show the court's intention to make the punishments cumulative; otherwise they will be concurrent. Ex parte Davis, supra. But if in one case the defendant is merely fined while in another his punishment is imprisonment, the satisfaction may not be concurrently accomplished. See Ex parte Williams, supra.

Trusting that the above fully answers your question, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Benjamin Woodall_

Benjamin Woodall
Assistant

BW:mp


APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN